**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EDWAR RODRIGUEZ-LIBERATA,**<br>**Petitioner,**<br><br>**v.**<br><br>**J.L. JAMISON, JOHN E. RIFE, MARKWAYNE MULLIN, TODD BLANCHE, U.S. DEPARTMENT OF HOMELAND SECURITY, EXECUTIVE OFFICE OF IMMIGRATION REVIEW,**<br>**Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO. 26-5845** |

**ORDER**

**AND NOW**, this 18th day of August, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1 (the "Petition")) and Respondents' opposition thereto (ECF No. 4), it is hereby **ORDERED** as follows:

1. The Petition is **GRANTED**.[1] The Government shall **RELEASE** Petitioner from custody immediately and file an entry on the docket certifying compliance with this Order **no later than 5:00 p.m. on August 18, 2026.**

---

[1] A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). The Court may decide the issues raised in the Petition without a hearing, as courts have done in similar cases. *See Rodriguez Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-7199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025).

Petitioner, a native and citizen of the Dominican Republic, entered the United States on or about March 16, 2023. (Petition ¶ 1.) Petitioner was encountered by Department of Homeland Security ("DHS") officers shortly after entering the country. (*Id.* ¶ 19.) DHS officials detained Petitioner, initiated removal proceedings, and released him to live in Philadelphia with his sister's family (*Id.*) Petitioner complied with all conditions of his removal proceedings and immigration release, including attending each scheduled hearing and check in appointment with Immigration and Customs Enforcement ("ICE"). (*Id.* ¶ 21.) Petitioner also submitted an asylum application. (*Id.*) Petitioner does not have any criminal history. (ECF No. 4 at 2.)

2. Immediately upon Petitioner's release, Respondents shall return to Petitioner all personal property, including identification and other documents, confiscated upon or during his detention.

3. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Instead, Petitioner is subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

4. The Government is temporarily enjoined from re-detaining Petitioner until **August 25, 2026**.

5. If the Government decides to pursue re-detention of Petitioner after August 25, 2026, it must first provide him with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

6. The Government may not remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines at the bond hearing that Petitioner is subject to detention under 8

---

On August 11, 2026, DHS officials took Petitioner into custody during a routine check-in at the Philadelphia ICE field office. (Petition ¶ 2.) Petitioner is currently detained at the Federal Detention Center in Philadelphia pending removal proceedings. (*Id.* ¶ 7.) Petitioner asserts that he is being improperly detained under Immigration and Nationality Act ("INA") § 235, 8 U.S.C. § 1225(b)(2)(A).

Respondents acknowledge that the Petition "raises the same issue of the lawfulness of mandatory detention under 8 U.S.C. § 1225(b)(2)(A) that this Court has previously addressed in hundreds of prior cases." (ECF No. 4 at 1.) Indeed, the interpretation of INA § 235, 8 U.S.C. § 1225, advanced by Respondents would permit the government to treat an immigrant as "seeking admission" who was not inspected upon arrival in the country even if they arrived in the country years ago. Such treatment results in detention without any hearing. For the reasons this Court has articulated on numerous occasions, the Court again rejects Respondents' position, grants the Petition, and orders Petitioner's immediate release. *See, e.g.*, *A.J.V.L. v. Jamison*, No. 26-cv-4669, 2026 WL 1998866 (E.D. Pa. July 9, 2026); *Barrientos-Vanegas v. Jamison*, No. 26-cv-4146, 2026 WL 1816213 (E.D. Pa. June 23, 2026).

U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances so require.

7. The Clerk of Court shall **MARK** this case as **CLOSED**.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**